UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| SAI-E JOHARI, | ) | CASE NO. 4:07 CV 2755 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| INDALEX INC., <u>et al.</u>, | ) | <u>AND ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

  <u>Pro se</u> plaintiff Sai-E Johari filed the above-captioned <u>in forma pauperis</u> action against Indalex Incorporated and its employees: Tim Stubbs, Cameron McConnahay, Jim Ambrose, Tim Sloan, as well as Callos Personnel Services and its employee Thaddeus Smith. Mr. Johari asserts that the defendants discriminated against him in violation of 42 U.S.C. §§ 1981 and 1985, as well as asserting pendent state law claims. He seeks $500,000.00 in compensatory relief, as well as $1,000,000.00 in punitive damages.

*Relevant Facts*

  Mr. Johari contacted Callos Personnel Service to seek employment in July 2006. As a prerequisite, plaintiff went through Callos's "orientation" process, which included being

interviewed by defendant Thaddeus Smith. During the orientation process, Mr. Smith asked Mr. Johari questions about his religion and his "handicaps/disabilities/allergies." Plaintiff volunteered that he adhered to the Kimit Tau Rastafarian faith. He added that he was allergic to cigarette smoke. These facts were noted in Mr. Johari's file and he claims he specifically asked that he not be assigned any work where smoking was permitted. It is based on this assurance that Mr. Johari claims he accepted temporary placement with defendant Indalex.

Before Mr. Johari started working, Callos advised him that a pre-employment drug screen would be required at the employee's expense. Mr. Johari complied and passed the drug screening test. He began work the following morning at Indalex, which temporarily hired Mr. Johari as a tool-die worker.

Shortly after Mr. Johari started working at Indalex he noticed other employees smoking cigars and cigarettes at his work site. He spoke privately with the foreman, defendant Tim Sloan, to advise that he was allergic to cigarette smoke. Mr. Johari requested a transfer to a more secluded area of the plant, but Mr. Sloan allegedly advised that "I'm not going to change my policy for one guy." (Compl. at 5.) Mr. Sloan then advised the plant manager, defendant Jim Ambrose, that Mr. Johari was allergic to cigarette smoke. At first, Mr. Ambrose empathized with plaintiff's position, explaining that, as an asthmatic he too was sensitive to cigarette smoke and placed a 'no smoking' sign in his office. Ultimately, Mr. Ambrose denied Mr. Johari's request because he explained that most of the Indalex employees who smoke worked in the company's tool and die section. Mr. Johari refuted his reasoning, pointing out the dangers of second-hand smoke. In response, Mr. Ambrose abruptly ended their conversation explaining that plaintiff could either tolerate his working conditions or find another job.

2

Mr. Johari then contacted Thaddeus Smith at Callos to explain what had transpired between he and Mr. Ambrose. Mr. Smith promised to find a more suitable assignment for Mr. Johari. After two months, however, plaintiff was still not sent to another plant and Mr. Smith was transferred to another position with Callos.[1]

It is Mr. Johari's contention that Mr. Smith defrauded him because he "unlawfully converted funds from plaintiff's paycheck to cover the cost of a pre-employment drug screen, for a job plaintiff was never given." (Compl. at 6.) He maintains that"[b]ecause of his perceived race (Black), plaintiff was not treated with the same respect accorded all similarly situated white persons." (Compl. at 6.) Moreover, he adds that the defendants "harbor an unjustified animosity towards plaintiff's hairstyle."[2] He claims that these allegations are clear violations of 42 U.S.C. §§1981 and 1985 and his First and Fourteenth Amendment rights.

*Analysis*

Mr. Johari alleges the defendants acted with malicious intent when they defrauded him and failed to honor their word by placing him in a plant that had a no smoking policy. At the beginning of his complaint plaintiff sets forth that, despite a declaration in 2006 from the Surgeon General that there is no safe level of second hand cigarette smoke, "Indalex superiors Tim Stubbs and Cameron McConnahay still decided to ratify a 'smoking is okay' policy, practice or custom. A

---

[1]Mr. Johari does not state whether he followed up the replacement for Mr. Smith regarding the status of an alternate employment position.

[2]Following his explanation that "forelocks, dreadlocks or Sidelocks of Ra" are all examples of the hairstyle worn by all Rastafarians, Mr. Johari states that defendants "accord Muslims & Jews the right to wear beards, robes, and hats that are an outward signs [sic] of consecration to their belief," there is a certain level of resentment toward Mr. Joharie's dreadlocks. He does not state that the defendants refused to permit him to wear dreadlocks or dress in a manner of his choosing.

3

case can be made Stubbs and McConnahay are liable for all harm done to workers who (on a daily basis) were forced to inhale deadly, secondhand cigarette smoke." (Compl. at 1.) By his own account, the smoking policy Mr. Johari encountered was applied equally to all employees at Indalex.

It is not clear how long Mr. Johari was subjected to second-hand smoke because he does not state how long he was employed at Indalex. He does provide six case citations which allegedly support his position that smoking in the workplace is prohibited, including one from the Sixth Circuit Court of Appeals and one from this district court. See Warfield v. Lebanon Correctional Institution, 181 F.3d 723 (6th Cir. 1999); Wilhelm v. CXS Transportion, 169 F. Supp.2d 755, 759 n. 2 (N.D. Ohio 2001).[3] He claims that he suffered mental and emotional distress as a result of having to inhale second-hand smoke.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[4] Neitzke v. Williams, 490 U.S. 319 (1989);

---

[3] It is not clear how Warfield, a Title VII gender discrimination action against correctional institution, supports Mr. Johari's complaint. Moreover, his citation to Wilhelm is also misplaced inasmuch as it was based on alleged violations of the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. The opinion Mr. Johari cites was reversed, but on appeal the Sixth Circuit held that railroads have duty, under FELA, to furnish employees with reasonably safe place in which to work and with protection against the hazard causing the injury as would be expected in the exercise of ordinary care under the circumstances. Wilhelm v. CSX Transp., Inc, No. 01-4123, 2003 WL 21259666 (6th Cir. May 29, 2003).

[4] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set
(continued...)

Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

## *Failure to State a Claim*

Accepting the facts as alleged in the complaint, Mr. Johari essentially argues that he was "unlawfully" exposed to second-hand cigarette smoke in the workplace. Before the court can even address the merits of his allegations, however, it must first determine whether it has jurisdiction over the matter based on the facts alleged. Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Federal courts have limited jurisdiction and may only exercise that power prescribed to them by the Constitution or the United States Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America., 511 U.S. 375, 377 (1994).

Federal jurisdiction in this case is claimed pursuant to 42 U.S.C. §§ 1981 and 1985,[5] which prohibit racial discrimination in the making, performance, modification, and termination of employment contracts. See 42 U.S.C. § 1981. In order to sustain an employment discrimination

---

(...continued)
forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[5]This statute prohibits parties from conspiring to discriminate. See 42 U.S.C. § 1985 (whenever "two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"). To the extent that Mr. Johari fails to state an underlying claim of discrimination he cannot sustain a claim of conspiracy.

claim pursuant to § 1981, a plaintiff must be able to establish that his employer purposefully discriminated against him. See, e.g., Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 378 (6th Cir.1984) ("Purposeful discrimination is a prerequisite to liability under section 1981.")  Here, Mr. Johari's chief complaints are that: (1) his temporary employer did not provide a smoke free environment and (2) he paid for a pre-employment drug screening test for a job at an unsuitable work site. By his own admission, however, Mr. Johari noted that Indalex had an existing policy that permitted smoking in the workplace. Therefore, the question is whether Indalex's failure to change their pre-existing policy to avoid being, in the words of Mr. Johari, "liable for all harm done to workers who (on a daily basis) were forced to inhale deadly, secondhand cigarette smoke" (Compl. at 2), represented a violation of § 1981 or §1985. The court cannot find the nexus.

As a threshold matter, Mr. Johari states that "he was not treated with the same respect accorded all similarly situated white persons." Accepting this statement as true, the facts Mr. Johari alleges contradict any assertion of discrimination based on the defendant's perception of him as African American.  Mr. Johari's allegations clearly establish that all employees at Indalex, regardless of race, were exposed to secondhand smoke. Thus, he fails to state a claim that he was treated differently by the defendant because of his race, perceived or otherwise. Although a pro se litigant's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, pro se plaintiffs are not entitled to take every case to trial and courts should not assume the role of advocate for them. Berridge v. Heiser, 993 F. Supp. 1136 (S.D.Ohio 1997); United States v. Cawley, 821 F. Supp. 1219 (E.D. Mich.1993), aff'd, 16 F.3d 1221 (6th Cir. 1994).

*Supplemental Jurisdiction*

While this court has discretion to exercise supplemental jurisdiction when an action

presents complex issues of state law, any potential state law claims raised in this action fail to present complex state law questions. 28 U.S.C. § 1367(b). Therefore, the court declines to exercise supplemental jurisdiction over any potential state law claims Mr. Johari may have.

Accordingly, Mr. Johari's Request to Proceed In Forma Pauperis is **granted**. Plaintiff's claims for civil rights relief are dismissed pursuant to 28 U.S.C. § 1915(e), but without prejudice as to any potential state law claims. An appeal from this dismissal could not be taken in good faith.[6]

IT IS SO ORDERED.

Date: March 31, 2008

    S/John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."